**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOE ISAIAS RAMIREZ-GUERRA, | No. 21-486 |
| Petitioner, | Agency No.   A206-309-464 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023[**]
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and VRATIL,[***] District
Judge.

Petitioner Noe Isaias Ramirez-Guerra is a native and citizen of El

Salvador.  He petitions for review of a Board of Immigration Appeals ("BIA")

order dismissing his appeal from the decision of an immigration judge ("IJ")

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kathryn H. Vratil, United States District Judge for
the District of Kansas, sitting by designation.

denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review agency denials of asylum, withholding of removal, and relief under CAT for substantial evidence, *i.e.* whether agency findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quotation marks and citations omitted).  The agency's "factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (quotation marks and citation omitted).

As to petitioner's asylum and withholding of removal claims, substantial evidence supports the BIA's conclusion that petitioner failed to establish a nexus between a protected ground and past persecution or feared future persecution.  Petitioner testified that he did not know why gang members attacked him and no record evidence suggests he was targeted because of his political opinion or particular social group membership.  The BIA reasonably concluded that petitioner was the victim of random gang violence and recruitment but that gang members did not target him because of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Petitioner argues that the IJ failed to make explicit findings on past persecution, future persecution, or the extent of feared persecution based on his political opinion. The IJ was not required to do so because the "lack of a nexus to a protected ground [was] dispositive of his asylum and withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

Petitioner argues that the IJ erred by rejecting his proposed particular social group of young male Salvadorans who are unwilling to cooperate with gangs. Because the BIA did not deny relief on this ground, we decline to review the issue. *See, e.g.*, *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (limiting review to grounds BIA relied on).

Petitioner argues that the agency did not consider (1) that his particular social group had shifted and should be considered as a group of "returning deportee[s] of gang-age," and (2) whether withholding of removal should be granted because he established a pattern or practice of persecution of "young men who oppose gangs or avoid gangs." Petitioner did not assert these arguments before the BIA. We therefore decline to consider them on review. 8 U.S.C. § 1252(d)(1); *see Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

Substantial evidence also supports the BIA's denial of petitioner's application for CAT protection. The record does not compel the conclusion that if petitioner returns to El Salvador, more likely than not, gang members will torture him with the consent or acquiescence of the government. *See Barajas-*

3

*Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) ("Police ineffectiveness is not enough to establish an entitlement to [CAT] relief absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." (quotation marks and citation omitted)).

The motion for a stay of removal is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED.**